UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
—————————————————————————

VIRGEN M. SARMIENTO,

                    Plaintiff,

v.                                                         6:15-CV-0774
                                                           (GTS/WBC)
NANCY A. BERRYHILL, Acting Comm'r of Soc. Sec.,[1]

                    Defendant.

—————————————————————————

APPEARANCES:                                    OF COUNSEL:

OFFICE OF PETER M. HOBAICA                       B. BROOKS BENSON, ESQ.
  Counsel for Plaintiff
2045 Genesee Street
Utica, NY 13501


U.S. SOCIAL SECURITY ADMIN.                     KRISTINA D. COHN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before the Court, in this Social Security action filed by Virgen M. Sarmiento

("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner")

pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), is the Report and Recommendation of United

States Magistrate Judge William B. Mitchell Carter recommending that Plaintiff's motion for

judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings

---

        [1]        Because Nancy A. Berryhill is now the Acting Commissioner of Social Security,
the Clerk of the Court is directed to substitute her for Acting Commissioner of Social Security
Carolyn W. Colvin as the Defendant in this action, pursuant to Fed. R. Civ. P. 25(d).

be granted. (Dkt. No. 17.) Objections to the Report and Recommendation have not been filed, and the time in which to do so has expired. (*See generally*, Docket Sheet.)

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C). When no objection is made to a report and recommendation, the Court subjects that report and recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After carefully reviewing the relevant papers herein, including Magistrate Judge Carter's thorough Report and Recommendation, the Court can find no clear error in the Report and Recommendation. Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 17.) The Court accepts and adopts Magistrate Judge Carter's Report and Recommendation for the reasons stated in the Report and Recommendation. (*Id.*)

The Court notes that, in addition to the reasons enumerated by Magistrate Judge Carter, (1) the ALJ's assessment of the opinion of treating physician Ivan Antonovich, M.D.,[2] and the ALJ's physical RFC determination[3] were supported by the opinion of consultative examiner Kalyani Ganesh, M.D.;[4] and (2) the ALJ's mental RFC determination was supported by the opinion of State agency psychiatric consultant C. Butensky, Psy.D.[5] (T. 505-08, 555, 604.)

---

[2] *See Burgess v. Astrue,* 537 F.3d 117, 128 (2d Cir. 2008 ) ("Generally, the opinion of the treating physician is not afforded controlling weight where the treating physician issued opinions that are not consistent with the opinions of other medical experts."); *Cichocki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013) (finding that an ALJ was not required to afford controlling weight to a physician's opinion that conflicted with his own treatment notes).

[3] Dr. Ganesh opined that Plaintiff had no gross physical limitation noted in sitting, standing, walking, or the use of her upper extremities, as discussed further below. (T. 508); *See Diaz v. Shalala,* 59 F.3d 307, 315 (2d. Cir. 1995) ("The Secretary is entitled to rely not only on what the record says, but also on what it does not say."); *House v. Astrue*, 11-CV-0915, 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013) ("[W]here the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment.") (internal citation and quotation marks omitted).

[4] On November 9, 2011, Dr. Ganesh diagnosed Plaintiff with status post bilateral carpal tunnel surgery, status post left elbow surgery, high blood pressure, and diabetes; and opined that Plaintiff had no gross physical limitation noted in sitting, standing, walking, or the use of her upper extremities. (T. 508.) Upon examination, Dr. Ganesh observed that Plaintiff appeared to be in no acute distress, had a normal gait and stance, needed no help changing for the exam or getting on and of the examination table, was able to rise from a chair without difficulty, and had full range of motion of the cervical spine. (T. 506-07.) Dr. Ganesh further observed that Plaintiff had full strength and full range of motion in her bilateral shoulders, elbows, forearms, wrists, hips, knees and ankles. (*Id.*) Finally, Dr. Ganesh observed that Plaintiff had intact hand and finger dexterity and full grip strength. (T. 507.)

[5] The Social Security Administration's Program Manual Operation System instructs that the check-box portion in Section I of the mental RFC form is not an RFC assessment, but is "a worksheet to ensure that the psychiatrist or psychologist has considered each of these pertinent mental activities and the claimant's or beneficiary's degree of limitation for sustaining these activities over a normal workday and workweek on an ongoing, appropriate, and independent basis." SSA POMS DI 25020.010(B)(1). "It is the narrative written by the psychiatrist or psychologist in Section III . . . that adjudicators are to use as the assessment of RFC." (*Id.*)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 17) is

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated:   March 14, 2017
            Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

In the narrative section in Section III of the mental RFC form, Dr. Butensky directed the reader to "see the PRT [Psychiatric Review Technique form] for Narrative." (T. 604). Therein, Dr. Butensky provided a detailed summary of the medical evidence and opined that Plaintiff had "mild to moderate" limitation in her ability to adapt to changes in a routine work setting, and interact appropriately with coworkers and supervisors; but retained the capacity to perform simple and some complex job tasks, and sustain attention/concentration for tasks. (T. 555.)